UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BRYANT,

                Petitioner,                    Case No. 18-12012

v.

                                              HON. AVERN COHN

THOMAS WINN,

                Respondent.

_____/

## ORDER GRANTING MOTION TO TRANSFER CASE TO THE COURT OF APPEALS (Dkt. 5) AND DENYING MOTION FOR APPIONTMENT OF COUNSEL (Dkt. 9)

I.

This is a habeas case under 28 U.S.C. § 2254. In 1971, Petitioner was convicted of first-degree murder and his is serving a sentence of life imprisonment. The petition asserts three grounds for relief: (1) Petitioner is entitled to retroactive application of a state court decision regarding the *mens rea* for first-degree felony murder under Michigan law, (2) established Supreme Court law requires retroactive application of the state court decision, and (3) Michigan's first-degree murder statute is void for vagueness. Before the Court is Respondent's motion to transfer the case to the Court of Appeals for the Sixth Circuit because it is Petitioner's third petition. (Doc. 5). Also before the Court is Petitioner's motion for the appointment of counsel. (Doc. 9). For the reasons that follow, the motion to transfer will be granted and the motion for appointment of counsel will be denied as moot.

II.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order of authorization from the court of appeals. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals. Id. at 971; See also In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

III.

Petitioner has filed two prior petitions for a writ of habeas corpus challenging his conviction. In 2005, Petitioner filed his a habeas petition. The Court dismissed it as barred by the one year statute of limitations. See Bryant v. Howes, No. 08-57497, at p. 5 (E.D. Mich. Oct. 3, 2005). The Sixth Circuit denied a certificate of appealability. See Bryant v. Howes, No. 05-2456 (6th Cir.,Jan. 22, 2007).

Then, in 2012, Petitioner filed a second petition. The Court, upon initial review, transferred it to the Sixth Circuit as a successive petition. See Bryant v. Bergh, No. 12-13403 (E.D. Mich. Aug. 16, 2012). The Sixth Circuit denied Petitioner's motion to authorize the filing of his second habeas petition. In re Bryant, No.12-2112 (6th Cir., June 5, 2013).

IV.

This Court lacks jurisdiction to entertain the petition in the absence of authorization from the Sixth Circuit. § 2244(b)(3)(A). Therefore, the Clerk shall TRANSFER this case to the Sixth Circuit under 28 U.S.C. § 1631 and <u>In Re Sims</u>.

Petitioner's motion for appointment of counsel is denied as moot.

SO ORDERED

<u>S/Avern Cohn</u>
 AVERN COHN
 UNITED STATES DISTRICT JUDGE

Dated: 1/31/2019
      Detroit, Michigan